■ TOWN OF MOUNT PLEASANT, Appellant, v LEGION OF CHRIST, INC., Respondent. [699 NYS2d 101] —In an action for a judgment declaring that the defendant's use of the subject property does not comply with zoning provisions of the Town Code, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 17, 1998, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion for summary judgment and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with

costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Prior to 1983 the subject property was zoned for office building use. Any use permitted in a residential district, including educational use as a private college, was permissible by special permit.

In 1983, at the request of its then owner, International Business Machines (hereinafter IBM), the subject property was rezoned as an "OB-CE" Office Corporate Education District. The purpose of the OB-CE District was to "provide office, housing, dining and conference facilities in an appropriate physical setting to adequately advance, support, serve and benefit the education of the employees of major corporations and others" (Town Code § 218-73). In granting IBM site plan approval, the Town Board found that that use would foster the goals set forth in the Town Master Plan to encourage office development in "selected locations * * * to expand the Town's tax base to help residential property owners in the financing of the public facilities and services needed by the Town's residential population". The principal permitted use in that district is "[c]onference and training facilities". However, uses previously permitted by special permit are still permissible by special permit.

Before it purchased the property in 1996, the defendant was warned in writing that use of the property as a seminary was not a permitted use, because "use in that district is specifically limited to corporate conferences and training which are by normal and reasonable parlance limited in time and scope and not the equivalent of a general course of study". Nevertheless, the defendant purchased the property, and contends that its use of the property is permissible as a matter of right.

The defendant contends that its primary use of the property is to "offer instruction, conferences, and seminars to its members and others". However, it acknowledges that many of its students are residents on the premises, attending classes in philosophy, theology, and related topics, and its calendar of events indicates that in addition to providing conferences, and seminars, it also has a regular schedule of semester courses. Thus, it appears that it may be using the property in a manner similar to a seminary or private college, which is not permissible without a special permit.

Accordingly, there are issues of fact which preclude the granting of summary judgment. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.